IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SHAUN E. TODD, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-18-354-RAW-KEW
 )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
       Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Shaun E. Todd (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 45 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as an auto detailer and construction worker. Claimant

3

alleges an inability to work beginning January 31, 2010 due to limitations resulting from back and leg pain, fusion, concentration, and sleep apnea.

## Procedural History

On December 3, 2015, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On October 19, 2017, Administrative Law Judge ("ALJ") Christopher Hunt conducted an administrative hearing in Tulsa, Oklahoma. On December 19, 2017, the ALJ issued an unfavorable decision. On August 21, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) reaching an

4

erroneous RFC; (2) failing to properly assess Claimant's credibility; and (3) failing to develop vocational expert witness testimony. Claimant also contends that the decision in this case was rendered by an ALJ whose appointment was invalid at the time the decision was issued.

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine, and status post bilateral L5-S1 fusion. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant could lift and/or carry, push and/or pull, up to 20 pounds occasionally, ten pounds frequently, stand and/or walk up to six hours in an eight hour workday and sit for up to six hours in an eight hour workday. Claimant could not climb ladders, ropes or scaffolding, but he could occasionally climb stairs, balance, bend, stoop, kneel, crouch, and crawl. (Tr. 15).

After consulting with a vocational expert, the ALJ concluded Claimant could not perform his past relevant work but could perform the representative jobs of small products assembler, packer/inspector, and conveyor/inspector, all of which were found

to exist in sufficient numbers in both the regional and national economies. (Tr. 22). As a result, the ALJ found Claimant was not disabled under a disability since December 3, 2015, the date of the filing of the application. Id.

Claimant contends that the ALJ failed to arrive at supported RFC. Specifically, Claimant argues that the ALJ's RFC findings represented boilerplate statements without explanation as to how the ALJ arrived at the conclusions. The ALJ recited Claimant's medical record in detail as well as the consultative evidence, evaluating the consistency of the information with Claimant's asserted limitations within the recitation. (Tr. 17-21). He recited Claimant's testimony as well as the Third Party Adult Function Report authored by Claimant's sister. (Tr. 15-17). The ALJ noted that Claimant's back problems possibly stemmed from a motor vehicle accident in 1994 and that he also experienced back problems from a prior job. The ALJ found Claimant had not sought medical treatment for back pain after October of 2007. (Tr. 17). Claimant underwent a successful decompression and laminectomy at L5 and S1 in August of 2009 and a bilateral fusion with instrumentation at the same location. (Tr. 17).

The ALJ noted that Claimant filed his application for

6

supplemental security income, alleging a disability beginning on January 1, 2009 but then set out that he worked eight hours a day for five days a week as a laborer from January of 2009 to January of 2010. He also set out that he received treatment for a time when no records were produced. During an examination by Dr. Adel Malati, Claimant walked without assistance with a "nice, normal, steady gait", he was able to sit, stand, and lie down without difficulty, had a full range of motion in his neck, shoulders, elbows, wrists, and hands, with good hand grip, full range of motion in the hips, knees, and ankles with a limitation on his forward flexion in this back to 85 degrees, and was able to do heel walking and two walking without difficulty. (Tr. 18, 288-89).

    The ALJ also acknowledged a further consultative examination by Dr. Ashok Kache. With regard to Claimant's back condition, Dr. Kache found Claimant to have decreased lumbar flexion in lateral bending as well as extension. His gait walking down the hallway demonstrated a tight back without much sway and decreased arm swings, mildly decreased stride length without devices. Dr. Kache found Claimant was having difficulty with heel and toe standing and walking. (Tr. 298).

The ALJ concluded that Dr. Kache's findings were inconsistent with the observations of Dr. Susan Linde, who performed a mental status examination of Claimant. (Tr. 18). Dr. Linde stated in her report that Claimant "exhibited normal gait and ambulated without difficulty to and from the examining room." (Tr. 306). The ALJ also found Dr. Kache's findings were inconsistent with a subsequent examination performed by Dr. William Wylie with the Oklahoma State University Medical Center. Dr. Wylie noted Claimant had tenderness to palpation in his right low back, no midline point spine tenderness to percussion, lower extremity strength and reflexes were found to be normal, and Claimant was observed to ambulate without difficulty. (Tr. 315).

The ALJ also found inconsistencies in Claimant's testimony such as claiming radiating pain in the left leg when previously he had claimed pain in the right leg. The ALJ continued to note the lack of treatment for Claimant's asserted back condition. (Tr. 19). He explained his conclusions in the RFC in significant detail in the decision. (Tr. 20-21).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287

8

F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment was supported by substantial evidence. The RFC is derived from Claimant's testimony pertaining to his ability to engage in work related activities and the objective medical record which indicates a level of limitation greater than Claimant has asserted. No error is ascribed to the RFC determination.

**Credibility Determination**

Claimant also contends that the ALJ made an erroneous determination on the credibility of his testimony. While the ALJ begins with what might be characterized as a "boilerplate" finding on credibility (Tr. 17), he compares the objective medical evidence and his prior work activity with Claimant's statements to find inconsistencies which discount the credibility of Claimant's subjective statements.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5)

10

treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ's detailed assessment of Claimant's credibility is well-supported by the medical record.

### Development of the Vocational Testimony

Claimant asserts the ALJ failed to ask the vocational expert employed at the administrative hearing hypothetical questions which incorporated all of Claimant's impairments. Specifically, Claimant contends the ALJ failed to include limitations in his ability to work on a sustained basis without frequent unscheduled breaks.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot

11

constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning did mirror Claimant's impairments and his RFC findings. The additional limitation suggested by Claimant arose from his testimony which was not found to be entirely credible. No error is found in the questioning of the vocational expert.

### Remand for Consideration of Properly Appointed ALJ

Claimant contends the ALJ who issued the decision in this case was not properly appointed under the Appointments Clause of the United States Constitution. This issue arose as a result of the United States Supreme Court's decision in Lucia v. Securities and Exchange Comm'n, --- U.S. ----, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018). In Lucia, the Supreme Court determined that

administrative law judges with the Securities and Exchange Commission were "officers of the United States" who had to be but were not appointed in accordance with the requirements of the Appointments Clause.  There appears to be little dispute that the ALJ in this case was not appointed in compliance with the Appointments Clause until the Commissioner ratified the appointment of Social Security Administration ALJs on July 16, 2018.  84 Fed.Reg. 9582-02 (Mar. 15, 2019).  The issue presented before this Court surrounds only whether Claimant's raising of the issue of appointment in his opening brief in this appeal in the first instance is timely.

A split of authority exists around the country on the requirement that this issue be raised in a timely fashion at the administrative level. *Compare* Rabache v. Saul, 2019 WL 7288873, at *3 (D.N.M. Dec. 30, 2019); Klotz v. Saul, 2019 WL 4119159 (D. Utah Aug. 12, 2019); Heather M. H v. Berryhill*,* 2019 WL 2305951, at *2 (D. Utah Apr. 29, 2019)*, report and recommendation adopted sub nom.* Heather M.H. v. Berryhill*,* 2019 WL 2297706 (D. Utah May 30, 2019); Kabani & Company, Inc. v. U.S. Securities & Exchange Commission, 733 Fed. Appx. 918, 919 (9th Cir. Aug. 13, 2018); Faulkner v. Commissioner of Social Security, 2018 WL 6059403 at

13

*2-3 (W.D. Tenn. Nov. 19, 2018); Page v. Commissioner of Social Security, 2018 WL 5668850 at *2-3 (E.D. Mich. Oct. 31, 2018); Salmeron v. Berryhill, 2018 WL 4998107 at *3 n.5 (C.D. Cal. Oct. 15, 2018); Garrison v. Berryhill, 2018 WL 4924554 at *2 (W.D. N.C. Oct. 10, 2018); Davidson v. Commissioner of Social Security, 2018 WL 4680327 at *1-2 (M.D. Tenn. Sept. 28, 2018); Stearns v. Berryhill, 2018 WL 4380984 at *4-6 (N.D. Iowa, Sept. 14, 2018); Davis v. Commissioner of Social Security, 2018 WL 4300505 at *8-9 (N.D. Iowa, Sept. 10, 2018); Pearson v. Berryhill, 2018 WL 6436092, at *4 (D. Kan. Dec. 7, 2018) *with* Lenece v. Saul, 2020 WL 1065720, at *1 (N.D. Okla. Mar. 5, 2020); McCray v. Soc. Sec. Admin., 2020 WL 429232, at *14 (D.N.M. Jan. 28, 2020); Dove-Ridgeway v. Berryhill, 2020 WL 109034, at *1 (D. Del. Jan. 9, 2020); Kim L. M. v. Saul, 2019 WL 3318112 (N.D. Okla. July 24, 2019).

Without belaboring the reasoning that other courts have already belabored, this Court finds the more reasoned view supports the remand of this case for consideration by a constitutionally appointed administrative law judge. In particular, this Court finds persuasive and well-reasoned the decisions in McCray and Lenece. In both decisions, the courts found the United States Supreme Court's position in Sims v. Apfel, 530 U.S. 103 (2000)

14

controlled. In that case, the Supreme Court determined that a claimant did not have to exhaust by raising a claim at the Appeals Council level in order to raise the issue on appeal. Id. at 108. It did not specifically address whether the same reasoning applied to issues not raised before the ALJ but this Court perceives no rational basis to fail to apply the rule at that level as well. As a result, this case will be remanded to be considered by a properly appointed ALJ.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE